UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMISHA MACIAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PAPÉ D.W., INC., *et al.*,<br><br>　　　　Defendants. | Case No. 1:24-cv-01066-JLT-CDB<br><br>ORDER GRANTING IN PART PARTIES' STIPULATED REQUEST TO AMEND CASE MANAGEMENT DATES<br><br>(Docs. 12, 15, 16)<br><br>ORDER DIRECTING PARTIES TO FILE JOINT DISCOVERY MANAGEMENT REPORT<br><br>**7-DAY DEADLINE** |

### Background

Plaintiff Tamisha Macias ("Plaintiff") initiated this action with the filing of a complaint on June 20, 2024, in the Superior Court of California, County of Kern, case number BCV-24-12076. (Doc. 1). Defendants Pape D.W., Inc. and Dakota Brice Booker ("Defendants") removed the case to this Court on September 6, 2024. *Id.* Following a scheduling conference, on December 5, 2024, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 12).

Pending before the Court is the parties' joint stipulated request to amend the scheduling order and declaration of lead counsel for Defendants, Charles S. Painter, in support thereof.

(Docs. 15, 16). The parties represent that an extension of the case management dates (including for pretrial conference and trial) is necessary for the following reasons. First, Mr. Painter was absent from the office for the first two-and-one-half months following the case's scheduling due to a family emergency. (Doc. 16, Declaration of Charles S. Painter ("Painter Decl.") ¶¶ 6-7, 12-13). Second, Mr. Painter was lead counsel for a different action that was tried before a jury for approximately two weeks shortly after his return to the office, which "occupied a tremendous amount" of his time. *Id.* ¶ 14. Third, Defendants "need to issue subpoenas for plaintiff's medical, employment and other records" and also "anticipate serving plaintiff with interrogatories, a request for production of documents and taking the depositions of at least 21 health care providers who were set forth in Plaintiff's Rule 26(f) initial disclosure." (Doc. 15 ¶ 16). Accordingly, the parties seek to modify the current scheduling order to be able to complete the necessary discovery to prepare the case for trial, as follows (*see* Doc. 15, Ex. A):

| Event | Prior Date | Amended Date |
|---|---|---|
| Mid-Discovery Status Conference | 06/09/2025 | 11/10/2025 |
| Non-Expert Discovery Deadline | 07/14/2025 | 12/15/2025 |
| Expert Disclosure Deadline | 07/28/2025 | 02/03/2026 |
| Rebuttal Disclosure Deadline | 08/25/2025 | 03/03/2026 |
| Expert Discovery Deadline | 09/22/2025 | 04/06/2026 |
| Non-Dispositive Motion Filing | 10/07/2025 | 05/18/2026 |
| Non-Dispositive Motion Hearing | 11/12/2025 | 06/17/2026 |
| Dispositive Motion Filing | 10/20/2025 | 05/26/2026 |
| Dispositive Motion Hearing | 12/02/2025 | 06/29/2026 |
| Pretrial Conference | 02/09/2025 | 08/07/2026 |
| Trial (ten-day estimate) | 04/14/2026 | 10/05/2026 |

**Discussion**

The parties have not demonstrated sufficient good cause to warrant a six-month extension of all discovery, pretrial motion and trial dates. While sensitive to the tragic circumstances resulting in Mr. Painter's long-term absence from the office, the undersigned notes that his

2

absence commenced approximately one month prior to the parties' filing of a joint scheduling report and the scheduling of this case. *Cf*. Painter Decl. ¶ 7 *with* Doc. 9. The undersigned also observes that Mr. Painter's noticed co-counsel, Graham Matthew Cridland, is the signatory to Defendants' answer and the joint scheduling report. There was no mention either in the joint scheduling report or during the scheduling conference either that Mr. Cridland was not fully prepared to litigate the case in Mr. Painter's absence or that the dates the parties proposed (and that the Court adopted) provided for anything less than a tenable case management schedule.

Although Mr. Painter attests that an extension of case management dates is required in part because Defendants anticipate serving Plaintiff with interrogatories and a request for production of documents (Painter Decl. ¶ 17), the undersigned notes that Defendants reported in the mid-discovery status report that they already served Plaintiff with interrogatories and a request for production of documents on February 4, 2025. (Doc. 13 at 1). As for the other anticipated discovery Mr. Painter intends to seek (Painter Decl. ¶ 17), it is unclear from the parties' filings why that discovery was not or could not have been conducted by Mr. Cridland over the past seven months that nonexpert discovery has been open.

Based only on the allegations contained in the four-page complaint, this case appears to present a relatively straight-forward personal injury action stemming from an automobile accident. The undersigned acknowledges the possibility or even likelihood that the injuries at issue may implicate substantial medical-related discovery, particularly given Mr. Painter's attestation that he anticipates taking the deposition of at least 21 health care providers who were identified in Plaintiff's Rule 26(f) initial disclosure. *Id.* In the undersigned's experience, it would be highly unusual to depose every health care provider identified in Rule 26 disclosures; instead, it is likely counsel for Defendants will review documents produced by Plaintiffs more than one-and-one-half months ago and identify from those documents a select universe of providers who appear most knowledgeable about Plaintiff's injuries and care needs.

In short, the undersigned concludes that the parties have demonstrated good cause for an approximate 90-day extension of all case management dates. To ensure compliance with the Court's earlier reminder to the parties of their obligation to diligently pursue and timely complete

discovery within the scheduled case management dates (*see* Doc. 12 at 9), the Court will require the parties to meet/confer and file a joint discovery management report documenting diligent discovery management efforts pertaining to timely noticing and completing depositions.

**Conclusion and Order**

In light of the parties' representations and good cause appearing, IT IS HEREBY ORDERED that the scheduling order (Doc. 15) be amended as follows:

| Event | Prior Date | Amended Date |
| --- | --- | --- |
| Mid-Discovery Status Conference | 06/09/2025 | 09/09/2025, 10:00 AM |
| Non-Expert Discovery Deadline | 07/14/2025 | 10/13/2025 |
| Expert Disclosure Deadline | 07/28/2025 | 10/27/2025 |
| Rebuttal Disclosure Deadline | 08/25/2025 | 11/21/2025 |
| Expert Discovery Deadline | 09/22/2025 | 12/23/2025 |
| Non-Dispositive Motion Filing | 10/07/2025 | 01/12/2026 |
| Non-Dispositive Motion Hearing | 11/12/2025 | 02/18/2026, 10:30 AM |
| Dispositive Motion Filing | 10/20/2025 | 01/20/2026 |
| Dispositive Motion Hearing | 12/02/2025 | 03/03/2026, 9:00 AM |
| Pretrial Conference | 02/09/2026 | 05/11/2026, 1:30 PM |
| Trial (ten-day estimate) | 04/14/2026 | 07/07/2026, 8:30 AM |

And it is FURTHER ORDERED that within **seven (7) days** of entry of this order, the parties SHALL FILE a discovery management report documenting the status of the parties' noticed depositions for all witnesses as set forth in the stipulated request (*see* Doc. 15 ¶ 15(a)-(f)) and the tentative scheduling of depositions by Defendants of Plaintiff's identified health care providers (*see id.* ¶ 16).

IT IS SO ORDERED.

Dated:   **July 8, 2025**

_____
UNITED STATES MAGISTRATE JUDGE