UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMISHA MACIAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PAPÉ D.W., INC., *et al.*,<br><br>　　　　Defendants. | Case No. 1:24-cv-01066-JLT-CDB<br><br>ORDER GRANTING PARTIES' SECOND STIPULATED REQUEST TO AMEND CASE MANAGEMENT DATES<br><br>(Docs. 12, 17, 24) |

**Background**

Plaintiff Tamisha Macias ("Plaintiff") initiated this action with the filing of a complaint on June 20, 2024, in the Superior Court of California, County of Kern, case number BCV-24-12076. (Doc. 1). Defendants Pape D.W., Inc. and Dakota Brice Booker ("Defendants") removed the case to this Court on September 6, 2024. *Id.* Following a scheduling conference, on December 5, 2024, the Court entered the scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 12). On July 8, 2025, the Court granted in part the parties' first stipulated request to amend case management dates. (Doc. 17).

Pending before the Court is the parties' second stipulated request to amend the scheduling order, filed on October 9, 2025. (Doc. 24). The parties represent that Plaintiff has been unable to obtain a Rule 30(b)(6) deposition of Defendant "[d]ue to scheduling issues" despite Plaintiff's diligent and best efforts. *Id.* at 2; (Doc. 24-1, Declaration of Charles S. Painter ("Painter Decl.") ¶

8). The parties represent that Plaintiff has agreed that instead of filing a motion to compel the deposition, counsel for Defendants has confirmed and promised to produce a 30(b)(6) witness. *Id.* The parties therefore seek the Court grant their request to extend the non-expert discovery period for the limited purpose to allow Plaintiff to take the 30(b)(6) deposition of Defendant Papé D.W. Inc. up to and including November 10, 2025, as well as any additional depositions that may arise out of that 30(b)(6) deposition, of which none is expected at this time. *Id*. The parties represent this modification will not impact any of the other dates of the scheduling order. *Id.*

**Discussion**

Plaintiff noticed the deposition of Defendant Papé D.W., Inc.'s Rule 30(b)6) witness on July 11, 2025 – approximately three months ago. (Doc. 18 at 2). Neither Mr. Painter in his declaration nor counsel for Plaintiff in the parties' stipulation elaborate on what "scheduling issues" have prevented Defendant from proceeding with the deposition since its noticing three months ago. Nevertheless, as the parties' stipulated request for relief does not impact the existing case management dates, and based on the parties' representations and stipulation for Defendants to produce a Rule 30(b)(6) witness for deposition, the Court finds good cause to briefly extend the non-expert discovery period up to and including November 10, 2025, only to facilitate Plaintiff's deposition of Defendant Papé D.W. Inc.

The Court cautions Defendant that its failure to make a competent Rule 30(b)(6) witness available for deposition as noticed and consistent with this order (*e.g*., no later than November 10, 2025) may be grounds for sanctions, including financial and/or evidentiary sanctions. *See Lanier v. San Joaquin Valley Officials Ass'n*, No. 1:14-cv-01938-EPG, 2016 WL 4764669, at *7-8 (E.D. Cal. Sept. 12, 2016); *see also Jones v. Frazesn*, No. 2:09-cv-02758 RCT, 2009 WL 3254905, at *3 (E.D. Cal. Oct. 8, 2009).

**Conclusion and Order**

In light of the parties' representations and good cause appearing, IT IS HEREBY ORDERED that the scheduling order (Docs. 12, 17) be amended to continue the non-expert discovery deadline to **November 10, 2025**, for the limited purpose of allowing Plaintiff to undertake the Rule 30-(b)(6) deposition of Defendant Papé D.W. Inc.

1 All other case management dates and provisions of the operative scheduling order (Docs. 12, 17) not in conflict with this order remain unchanged.

IT IS SO ORDERED.

Dated:   **October 10, 2025**   _____
UNITED STATES MAGISTRATE JUDGE